**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GARY S. OLSEN, individually and on** | ) | |
| **behalf of all persons similarly situated,** | ) | |
| **as class/collective representative,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | **Judge:** |
| **vs.** | ) | |
| | ) | **Magistrate Judge:** |
| **CVS CAREMARK CORPORATION,** | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | **On All Counts** |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, GARY S. OLSEN (hereinafter referred to as "Plaintiff" or "Olsen"), individually and on behalf of all others similarly situated, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he possesses such and upon information and belief as to all other matters, pursuant to the Fair Labor Standards Act, 29 U.S.C.A. §201 *et seq*.(hereinafter "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., (hereinafter "IMWL" ), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.(hereinafter "IWPCA") and other state wage laws, brings these causes of action against Defendant, CVS CAREMARK CORPORATION (hereinafter referred to as "Defendant" or "CVS"), and in so doing states the following:

### I.        INTRODUCTION

1.        This is an individual, class and collective action brought to remedy widespread violations by Defendant, CVS CAREMARK CORPORATION, that have deprived Plaintiff, a

former CVS Assistant Store Manager, along with other similarly situated individuals, of wages and overtime compensation to which they are entitled.

2.      Defendant's willful, knowing and/or reckless action of intentionally misclassifying Plaintiff and other Assistant Store Managers as "exempt" employees, therefore denying them of wages and overtime compensation, is in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*(the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. (the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. (the "IWPCA") and the statutory laws of other States including Alabama, Arizona, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Iowa, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Vermont, Virginia, West Virginia, and Wisconsin (hereinafter referred to as "other state wage laws").

3.      Under the FLSA, the IMWL and other state wage laws, there is a general rule that employees must be compensated at a rate of one and a half (1 ½) times their regular rate of pay for all hours worked in excess forty (40) hours a week. 29 U.S.C. §207; and 820 ILCS 105/4a. Despite these statutory requirements, Defendant requires thousands of its Assistant Store Managers to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

4.      Plaintiff, GARY S. OLSEN, brings his FLSA claim on behalf of himself and all other similarly situated current and former employees of Defendant, CVS CAREMARK

CORPORATION, in the State of Illinois and other states[1], as a collective action pursuant to 29 U.S.C.A. § 216(b).  Plaintiff also brings his supplemental claims under the IMWL, IWPCA and other state wage laws on behalf of himself, individually, and a class of all other similarly situated former and current employees of Defendant, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.      Plaintiff brings this action for unpaid wages and overtime compensation on behalf of himself and all other similarly situated current and former employees in salaried positions, including, but not limited to: salaried Assistant Store Manager, salaried Assistant Manager, and salaried positions however variously titled by Defendant that work in the capacity of an Assistant Store Manager/Assistant Manager (hereinafter collectively referred to as "Assistant Store Managers").

6.      For at least five (5) years prior to the filing of this complaint, Defendant has willfully committed widespread violations of the FLSA, IMWL, IWPCA and/or other state wage laws by misclassifying salaried employees in non-exempt positions as exempt and refusing and/or failing to pay such employees for overtime hours worked in excess of forty (40) hours per week at a rate of one-and-one-half times their regular rate of pay.

7.      Defendant's acts violate federal and state wage laws, affecting thousands of its current and former employees. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, brings these claims and seeks unpaid wages, overtime compensation, an equal

---

[1] Alabama, Arizona, California, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Iowa, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Vermont, Virginia, West Virginia, and Wisconsin.

amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which he and the other Assistant Store Managers are entitled.

## II.      JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the action involves a federal statute, 29 U.S.C. §216(b). Plaintiff does not bring any claims pursuant to or under a collective bargaining agreement.

9.      The Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.      Upon information and belief, the amount in controversy in this matter exceeds the sum or value of five million dollars ($5,000,000.00), exclusive of interest and costs.

11.      Upon information and belief, at least one member of the Rule 23 Class is a citizen of a state different than that of Defendant.

12.      Venue is proper in the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391. Defendant does business in the Northern District of Illinois, Eastern Division, and Plaintiff is a resident of the Northern District of Illinois, Eastern Division. Defendant is subject to personal jurisdiction in the State of Illinois for the purpose of this lawsuit.

## III.      PARTIES

13.      The representative Plaintiff, GARY S. OLSEN, resides in Yorkville, Illinois and works in Aurora, Illinois.  A written consent form for Plaintiff, GARY S. OLSEN, is attached to this Complaint as *Exhibit A*.

14.     Defendant, CVS CAREMARK CORPORATION, is a foreign corporation, incorporated in the State of Delaware, and authorized to do business in the State of Illinois. Defendant serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.

15.     According to Defendant's 2009 Form 10-K filed with the United States Securities and Exchange Commission, Defendant is "the largest pharmacy health care provider in the United States" through the management and operation of approximately 7,000 CVS/Pharmacy retail stores. The retail stores, such as the ones Plaintiff worked at, are part of Defendant's Retail Pharmacy Sector which serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, as described in Defendant's 2009 Form 10-K SEC filing.  In 2009, Defendant generated about $98 billion in revenue, and was ranked 19th on the Fortune 500 list of largest publicly-traded companies.

### IV.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     THE IMWL AND OTHER STATE WAGE LAWS CLASS

16.     Plaintiff brings claims under the IMWL, IWPCA and other state wage laws as an individual and as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Under Rule 23 the Class is defined as:

> "all individuals who are currently or were former employed by Defendant as salaried assistant store managers[2], and who have not been paid all wages owed to them, including but not limited to wages and overtime compensation, at any time from five (5) years prior to the date of commencement of this action through the date of judgment in this action" (the "Class" and "Class Period," respectively).

---

[2] "Assistant Store Managers" refers to all employees in the following positions: salaried Assistant Store Manager, salaried Assistant Manager, and salaried positions however variously titled by Defendant in which the individual works in the capacity of an Assistant Store Manager/Assistant Manager.

Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

17.     **Numerosity**: The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant.  Upon information and belief, there are thousands of members of the Class.

18.     **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members.  The questions of law and fact common to this Class predominate over any question solely affecting individual members of the Class, including, but are not limited to:

   a.   whether Defendant employed Plaintiff and members of the Class within the meaning of the IMWL, IWPCA and/or other state wage laws;

   b.   whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

   c.   whether Plaintiff and members of the Class are non-exempt employees of Defendant;

   d.   whether Plaintiff and members of the Class were misclassified as "exempt" from the overtime provisions of the IMWL and/or other state wage laws;

e.  whether Defendant engaged in a continuing policy, pattern or practice of misclassifying Assistant Store Managers, including Plaintiff and members of the Class, as "exempt" employees;

f.  whether Defendant engaged in such a continuing policy, pattern or practice to allow Defendant to require Assistant Store Managers to perform work in excess of forty (40) hours per week without compensating them at one and a half (1 ½) times the regular rate of pay for all work performed in excess of forty (40) hours;

g.  whether Defendant knew or should have known that it erroneously classified Assistant Store Managers as "exempt";

h.  whether Defendant intentionally, willfully and/or knowingly failed to pay Plaintiff and Class members as "non-exempt" employees;

i.  whether Defendant violated the IMWL, IWPCA and other state wage laws by refusing and/or failing to pay Plaintiff and members of the Class wages and overtime compensation;

j.  whether Defendant's policy, pattern or practice of misclassifying Assistant Store Managers as exempt from receiving overtime compensation was done willfully and/or with reckless disregard; and

k.  whether Defendant failed to pay employees for all hours worked in compliance with the IMWL and IWPCA.

19.  **Typicality**: The claims of Plaintiff are typical of the Class.

20.  **Adequacy**: Plaintiff will fairly and adequately represent the interests of the Class.

21.     **Superiority**: A class action is superior to other available methods for their fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual employees/plaintiffs either lack the financial resources or cannot justify the commitment of the large financial resources necessary to vigorously prosecute separate lawsuits in Federal court and/or State court against large corporate defendants.

22.     Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### B.     THE FLSA COLLECTIVE

23.     Plaintiff brings his FLSA claims, pursuant to Section 16(b) of the FLSA. 29 U.S.C. §216(b).  Under Section 16(b) FLSA violation claims are brought and maintained as an "opt-in" Collective Action. *Id*.  Under Section 16(b), the FLSA Collective is defined as:

> "all individuals who are currently or were former employed by Defendant as salaried Assistant Store Managers[3], and who have not been paid all wages owed to them, including but not limited to wages and overtime compensation, at any time from three (3) years prior to the date of commencement of this action through the date of judgment in this action" (the "FLSA Collective" and "FLSA Collective Period," respectively).

Excluded from the FLSA Collective are all employees and Assistant Store Managers of Defendant who have and/or do not opt-in and Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the FLSA Collective period has had, a controlling interest in Defendant and the Judge to whom this case is assigned and any member of the Judge's immediate family.

24.     Defendant has deliberately, willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as described above, by

---

[3] *See Footnote 2.*

misclassification of employees as "exempt" employees, thereby failing and/or refusing to properly pay Plaintiff and other similarly situated Assistant Store Managers wages and overtime compensation in accordance with §§ 206 and 207 of the FLSA.  Defendant knew or should have known that said Assistant Store Managers were not exempt employees under the FLSA. Because Defendant willfully violated the FLSA by misclassifying Plaintiff, and all other similarly situated Assistant Store Managers, as exempt employees, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

25.     Plaintiff and all other similarly situated Assistant Store Managers are similarly situated in that they all are or were subject to Defendant's common plan and/or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work and job duties as required and defined by Defendant does not qualify them to be exempt.

26.     Defendant is liable for improperly compensating Plaintiff and members of the FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former Assistant Store Managers of Defendant who have been misclassified as exempt and denied the overtime premium in violation of the FLSA. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## V.   FACTS

### A.   Background and Business Model of CVS

27.     Plaintiff, GARY S. OLSEN, worked for CVS from January 2006 to April 23, 2010. Plaintiff held the position of Assistant Store Manager the entire time he worked for CVS. Plaintiff worked as an Assistant Store Manager at the following store locations:

     a.   January 2006 to February 2006: he trained at the CVS/Pharmacy Store #7168 at 1725 West Boughton Rd. Bolingbrook, IL 60490;

     b.   February 2006 to August 2006: he worked at the CVS/Pharmacy Store #7208 at 230 East North Ave., Glendale Heights, IL 60139;

     c.   August 2006 to March 2008: he worked at the CVS/Pharmacy Store #2827 at 600 North Mannheim, Hillside, IL 60162;

     d.   March 2008 to February 2010: he worked at the CVS/Pharmacy Store #2791 at 1005 East Roosevelt Rd., Lombard, IL 60148; and

     e.   February 2010 to April 23, 2010: he worked at the CVS/Pharmacy Store #2903 at 400 Ogden Ave., Downers Grove, IL 60515.

28.     At all of the locations Plaintiff worked as an Assistant Store Manager and was expected to work at least forty-five (45) hours per week without being paid wages or overtime for any hours he worked in excess of forty (40) hours. Plaintiff routinely worked more than forty-five (45) hours a week and was never paid wages or overtime compensation for any hours he worked in excess of forty (40) hours.

29.     During the relevant period of time, Defendant employed thousands of salaried Assistant Store Managers and employees around the country with job duties and descriptions that are, for all intents and purposes, identical to Plaintiff's. Plaintiff and other similarly situated Assistant Store Managers report directly to Defendant and a Store Manager, in whom resides the real management/administrative authority of the store.

30.     Defendant has operating policies and procedures that apply uniformly to all stores nationwide. No matter the size of the store or the district, every detail of how the store is managed and run is uniformly fixed, mandated and controlled by Defendant through its policies, directives, plan-o-grams and mandated procedures.

31.     While Plaintiff and other salaried employees have been given the title of Assistant Store Manager, in fact, based on their duties, their real and primary function is to perform non-exempt duties and tasks, including such tasks as unloading deliveries, stocking shelves and checking out customers at the cash register.  Defendant profits from this business model to the extent that it does not pay Assistant Store Managers wages or overtime compensation for hours worked in excess of forty (40) hours per week.

**B.     *CVS's Assistant Store Managers Are Not Exempt under the FLSA or IMWL***

32.     At all times herein set forth, Plaintiff and members of the Class and FLSA Collective are "employees" of Defendant within the definition of the FLSA, 29 U.S.C.A. §203(e), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and other state wage laws.

33.     At all times herein set forth, Defendant, each are an "employer" within the definition of the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2 and 820 ILCS 115/13, and other state wage laws.

34.     The FLSA, IMWL and other state wage laws have certain exemptions from their overtime requirement including exemptions for bona fide executive or administrative employees. 29 U.S.C. §213(a)(1); 820 ILCS 105/4a(2)(E).  Defendant's Assistant Store Managers do not qualify as bona fide executives or administrative employees under the FLSA, IMWL and/or other state wage laws. *Id.*

35.     To establish an employee is a bona fide executive employee and exempt from being paid overtime compensation under the FLSA, IMWL and other state wage laws, an employer must show: (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision; (3) the employee customarily and regularly directs the work of two or more other employees; and (4) the employee has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(1)(2006).

36.     To establish an employee is a bona fide administrative employee and exempt from being paid overtime compensation under the FLSA, IMWL and other state wage laws, an employer must show: (1) that the employee's primary duty is the performance of work directly related to the management or general business operations of the employer or the employer's customers (29 C.F.R. Section 541.201(a)), and (2)) that the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance (29 C.F.R. Section 541.202(a)).

37.     Neither Plaintiff, nor any other Assistant Store Manager qualifies as either an executive and/or administrator under the exemptions set forth in the Code of Federal Regulations, FLSA, IMWL, IWPCA, other state wage laws.

38.     The frequency and time spent on "exempt" duties and the primary duties done by by Plaintiff and all other Assistant Store Managers do not qualify them as exempt from receiving overtime compensation as management, an executive or under any other exemption.  Therefore

Defendant is not entitled to classify Plaintiff and any other Assistant Store Manager as "exempt" and is required to pay them overtime compensation.

        **C.**    ***Time Spent On Exempt v. Non-Exempt Tasks***

      39.    Assistant Store Managers spend the majority of their time on tasks that qualify them as "non-exempt" employees, rather than "exempt" employees.  Plaintiff and other Assistant Store Managers' primary duties are not managerial or administrative in nature.  Plaintiff and other Assistant Store Managers customarily and regularly spend more than 80% of their time performing non-exempt duties, including but not limited to the following enumerated duties:

    a.  Assisting customers with questions;

    b.  Handle all customer relations issues in accordance with company policy and promote a positive shopping experience for all customers;

    c.  Maintain customer/patient confidentiality;

    d.  Price merchandise, including placing price labels on shelves and price stickers on products;

    e.  Stock shelves;

    f.  Reset departments following Plan-O-Grams (POGs) specified by corporate office and adapting them to a particular store under Store Manager's directions;

    g.  Set up and organize signs and displays for daily, weekly, promotional and seasonal merchandise;

    h.  Set up, organize and maintain displays for "off-shelf" merchandise;

    i.  Check price labels and stickers to ensure price accuracy using POS Price Accuracy Report and in-store price audits;

    j.  Maintain, organize and keep clean the common office and backroom;

    k.  Work reserve stock;

    l.  Load and Unload deliveries, including, but not limited to lifting 35 pound trays/cases up to a height of four (4) feet and moving boxes, trays and cases from one location to another;

m.  Sign for and check-in merchandise to verify order and document billing of merchandise;

n.  Execute and document customer merchandise returns and inter-store transfers;

o.  Attend and operate cash register, including checking out customers, accepting cash, check and charge transactions, and bagging merchandise;

p.  Open/close store;

q.  Answer telephone calls;

r.  Identify and react to in store repairs;

s.  Take out trash or supervise and execute rubbish removal;

t.  Prepare the store for a physical inventory;

u.  Assist customers with large purchases, including taking merchandise out to customer's vehicle;

v.  Stock new items, remove discontinued items and adjust merchandise so faces front of shelf;

w.  Work reserve backstock/overstock;

x.  Maintenance of store: facing/adjusting merchandise to face front of shelf, dusting, vacuuming, window cleaning, cleaning restrooms, backroom fixtures, store exterior, sweeping lot of trash and emptying outside trash cans;

y.  Assist Pharmacy staff in/out of Pharmacy area;

z.  Perform photofinishing activities; and

aa. Organize and execute the display and maintenance of cosmetic units, greeting cards, franchise candy and outside vendor merchandise.

40.     While Plaintiff and other Assistant Store Managers duties may slightly vary based on the location they worked, the duties are substantially similar.  Moreover, regardless of the location Plaintiff and other Assistant Store Managers work, they spend more than 80% of their time performing non-exempt duties.

41.     Plaintiff and other Assistant Store Managers' primary duties are composed of "non-exempt" duties which are more important to Defendant's business model than the few "exempt" duties that they occasionally do.

**D.      Relative Importance of Exempt Tasks to Non-Exempt Tasks**

42.     Managerial and administrative duties that are part of Store Managers' primary duties, but not Assistant Store Managers, include:

    a.   Attend District and Corporate meetings;

    b.   Participate in District conference calls;

    c.   Walking of store during District, Regional and/or Corporate visits;

    d.   Terminating employees;

    e.   Interviewing and hiring employees;

    f.   Conducting in store meetings;

    g.   Order of promotional merchandise;

    h.   Contact person for all village and state inspections;

    i.   Filing and maintain all paperwork, including, daily cash receipts, merchandise receiving, employee files, and operating license;

    j.   Overseeing maintenance and repairs of exterior and interior of building; and

    k.   Checking and ensuring compliance with all of company programs and policies, including outdated checks, inventory, ordering inventory, ordering requirements, plan-o-gram reset compliance, acting on email tasks and workload management assignments;

43.     While Plaintiff and other Assistant Store Managers are assigned duties that could be considered "exempt" under the "management" or administrative" exception, they are not customarily nor regularly done by Plaintiff or other Assistant Store Managers.  The "exempt" duties assigned to Plaintiff and other Assistant Store Managers that could be classified as "management" or "administrative" are:

    a.   Work effectively with store management and store crews;

15

      b.   Supervise the store's crew through assigning, directing and following up of all activities; and

      c.   Effectively communicate information both to and from store management and crews.

44.     Few if any of the duties of Assistant Store Managers qualify as management or administrative duties under Federal and State law because they do not relate to the management of general business operations.  More than 80% of the time, Assistant Store Managers perform duties consisting of carrying out the day-to-day affairs of the store and do not require the exercise of discretion and/or independent judgment on matters of significance.

45.     The few "exempt" tasks Assistant Store Managers may do are strictly controlled, outlined and pre-arranged as to how they are to be executed by Defendant and are closely scrutinized and supervised by District Managers and Store Managers to ensure compliance. Assistant Store Managers are not allowed to perform any "administrative" or "executive" tasks outside of the strict limitations and confines set forth by CVS and/or Store Managers' supervision.

46.     The few strictly controlled "exempt" duties performed by Plaintiff and other Assistant Store Managers slightly vary by location.  However, regardless of location, Plaintiff and other Assistant Store Managers' primary duty is not the performance of work directly related to the management of general business operations.  In fact, regardless of location, less than 20% of Plaintiff and other Assistant Store Managers' time is spent performing "exempt" duties.

47.     The "exempt" duties performed by Plaintiff and other Assistant Store Managers were so strictly controlled and supervised by Defendant and Store Managers that hourly employees, including non-exempt Shift Supervisors and clerks, were frequently allowed and/or assigned to perform the same "exempt" duties.

48.     Many of the job duties assigned to Assistant Store Managers are also assigned to hourly employees, including non-exempt Shift Supervisors and clerks.

49.     Defendant intentionally and knowingly uses Assistant Store Managers to perform significant amounts of manual labor and other non-exempt functions, in order to limit the payroll budget of stores. It is key to Defendant's business model that Assistant Store Managers perform non-exempt tasks and duties, without receiving wages and/or overtime compensation for hours worked in excess of forty (40) per week. If Assistant Store Managers did not perform the amounts of manual labor and non-exempt functions required by Defendant, Defendant would have to hire other hourly employees, including cashiers, janitors and stock persons.

### E.     *Relative Freedom from Supervision*

50.     Assistant Store Managers are rarely free from the close supervision and micromanagement of Defendant's directives/policies and Store Managers.  Defendant controls and sets forth virtually every aspect of its retail stores' day-to-day operations through its directives, policies and Store Managers, including but not limited to:

      a.   Days and hours of operation;

      b.   Number of key sets;

      c.   Who may possess key sets;

      d.   Entire store layouts (including seasonal guides);

      e.   Store maintenance procedures and tasks;

      f.   Selection, presentation and pricing of merchandise;

      g.   Performance goal setting and monitoring;

      h.   Discipline procedures;

      i.   Customer Service techniques;

      j.   Sales techniques;

      k.   Inventory management techniques;

      l.   In Store Merchandise Promotions;

  m. Payroll budgets;

  n. Staffing levels;

  o. Banking procedures; and

  p. Dress code, including facial hair and body piercing guidelines.

51. Assistant Store Managers' duties, tasks, and completing of such, are supervised closely by their District Managers, Store Managers and Defendant in general.  Assistant Store Managers must provide detailed daily reports as to their tasks, work assigned to them and completion of such, including the amount of time spent on each task.  Assistant Store Managers' store performance are monitored and measured on a daily basis and used in the assessment of their job performance.

  *F.* ***Relationship Between Assistant Store Managers' Salary and the Wages of other Non-Exempt Workers***

52. Assistant Store Managers' salaries are comparable to that of Defendant's non-exempt Shift Supervisors, especially when considering the overtime compensation paid to hourly Shift Supervisors and clerks.  Upon information and belief there are hourly Shift Supervisors who earn more than salaried Assistant Store Managers, especially when the hourly Shift Supervisor is paid overtime for hours worked in excess of forty (40) hours per week.

53. Defendant's violations are and continue to be willful and intentional in that it has known all along what federal and state wage laws require and that the primary duties and tasks of its salaried Assistant Store Managers are such that they are not exempt from being paid overtime.

54. As a result of Defendant's willful violations of the FLSA, IMWL, IWPCA and other state wage laws, Plaintiff and all other similarly situated Assistant Store Managers have suffered damages in that they have not received proper wages and overtime compensation in accordance the FLSA, IMWL, IWPCA and other state wage laws.

## LEGAL CLAIMS

### COUNT ONE

**VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §201 *ET SEQ*.
PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF THE FLSA COLLECTIVE**

55.    Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

56.    At all relevant times, Plaintiff and members of the FLSA Collective, were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57.    At all relevant times, Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA in 29 U.S.C. §§203(d), 206(a) and 207(a).

58.    At all relevant times, Plaintiff and members of the FLSA Collective are employees within the meaning of the FLSA in 29 U.S.C. §203(e) and 207(a).

59.    At all times relevant, Defendant employed Plaintiff and members of the FLSA Collective as an employer and/or joint employer.

60.    Defendant engaged in a widespread pattern, policy and practice of violating the FLSA, as detailed in this Class Action Complaint.

61.    Defendant failed to keep accurate records of time worked by Plaintiff and members of the FLSA Collective.

62.    Defendant did not make a good faith effort to comply with the FLSA in respect to compensating Plaintiff and members of the FLSA Collective.

63.    Defendant's violations of the FLSA, as described in this Class Action Complaint, have and continue to be willful and intentional, thus applying a three (3) year statute of

limitations to Defendant's violations, pursuant to 29 U.S.C. §255.

64.     As a result of Defendant's willful and knowing violations of the FLSA, Plaintiff and members of the FLSA Collective, who opt into this litigation, are entitled to recover wages and overtime to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation under the FLSA, 29 U.S.C. §§201 *et seq*.

## COUNT TWO
## ILLINOIS AND OTHER STATE WAGE LAWS

65.     Plaintiff, individually and on behalf of the Class, re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

66.     Illinois and other states have similarly wage laws that require the payment of wages and overtime compensation.

67.     At all times herein set forth, Plaintiff is an "employee" within the definition of Illinois and other state wage laws. 820 ILCS 105/3(c); 820 ILCS 115/2.

68.     At all times herein set forth, Defendant is an "employer" within the definition of Illinois and other state wage laws. 820 ILCS 105/3(c); 820 ILCS 115/13.

69.     Illinois and other state wage laws require an employer, such as Defendant, to compensate employees for all hours worked.

70.     Illinois and other state wage laws require an employer, such as Defendant, to compensate employees for all hours worked in excess of forty (40) hours per week, at a rate of one and a half times the employee's regular rate of pay, unless the employee is classified as exempt from receiving overtime compensation.

71.     During the Class Period, Plaintiff and members of the Class did not fall under any of the exemptions provided by Illinois and/or other state wage laws. 820 ILCS 105/1 *et seq*.; 820

ILCS 115/1 *et seq.*

72.     Defendant willfully, intentionally and/or knowingly improperly classified Plaintiff and members of the Class as "exempt" employees.

73.     Plaintiff and members of the Class regularly worked in excess of forty (40) hours per week without receiving compensation for those hours, in violation of the IMWL.

74.     Defendant's failure to comply with the IMWL was reckless and/or willful.

75.     Based on the foregoing, Plaintiff and members of the class are entitled to recover all unpaid wages and overtime compensation, prejudgment interest, punitive damages, attorneys' fees and costs pursuant to §12(a) of the IMWL. 820 ILCS 105/12.

**COUNT THREE**

**ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

76.     Plaintiff, individually and on behalf of the Class, re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

77.     The IWPCA requires an employer, such as Defendant, to compensate employees for all hours worked. 820 ILCS 115/1 *et seq.*

78.     Defendant failed to keep accurate records of time worked by Plaintiff and members of the Class.

79.     Defendant did not make a good faith effort to comply with the IWPCA in respect to compensating Plaintiff and members of the Class for the hours worked and/or overtime compensation.

80.     Defendant intentionally and willfully failed and/or refused to pay Plaintiff and members of the Class wages and overtime compensation by violating the FLSA, IWML and IWPCA, including but not limited to improperly misclassifying Plaintiff and Assistant Store

Managers as "exempt" employees in order to avoid paying them overtime compensation, at a rate of one and a half times the employee's regular rate of pay, for all work performed in excess of forty (40) hours per week.

81.    Defendant's failure to comply with the IWPCA was reckless and/or willful.

82.    Based on the foregoing, Plaintiff and members of the class are entitled to recover all unpaid wages and overtime compensation and attorneys' fees and costs pursuant the IWPCA. 820 ILCS 115/1 *et seq.*

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons respectfully requests the following relief:

A.    Unpaid wages and overtime compensation under the FLSA, IMWL and IWPCA;

B.    An additional and equal amount as liquidated and/or punitive damages under the FLSA and IMWL;

C.    An order directing Defendant to supply the names and home addresses of the similarly situated Assistant Store Managers to Plaintiff's counsel so that Plaintiff may be allowed to send out notice of the Class Action and FLSA Collective Action, or that the Court issue such notice, to all persons who are presently, or have at any time during the past five years immediately preceding the filing of this suite, been employed by Defendant as an Assistant Store Manager.  Such notice shall inform them of that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied wages;

D.    Pre-judgment and post-judgment interest, as provided by law;

E.    Attorneys' fees and costs under the FLSA, IMWL and other state wage laws;

F.     Appropriate equitable and injunctive relief including an order directing Defendant

to discontinue its practice of denying Assistant Store Managers overtime pay; and

G.     Such other relief as in law or equity may pertain.

## **<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury by all issues so triable.

Dated: <u>June 17, 2010</u>                              Respectfully submitted,

                                        FOOTE, MEYERS, MIELKE & FLOWERS, LLC

                                        <u>/s/Robert M. Foote</u>
                                        Robert M. Foote, Esq. (#03124325)
                                        Matthew J. Herman, Esq. (#06237297)
                                        Michael D. Wong, Esq. (#06291089)
                                        FOOTE, MEYERS, MIELKE & FLOWERS, LLC
                                        3 North Second Street
                                        Suite 300
                                        Saint Charles, IL 60174
                                        Telephone: (630) 232-6333
                                        Facsimile:  (630) 845-8982

                                        Kathleen C. Chavez, Esq. (#6255735)
                                        CHAVEZ LAW FIRM, P.C.
                                        3 North Second Street
                                        Suite 300
                                        Saint Charles, IL 60174
                                        Telephone: (630) 232-4480
                                        Facsimile:  (630) 845-8982

                                        Peter L. Currie, Esq. (#06281711)
                                        THE LAW FIRM OF PETER L. CURRIE, P.C.
                                        536 Wing Lane
                                        Saint Charles, Illinois 60174
                                        Telephone: (630) 862-1130

                                        *Attorneys for Plaintiff*